**Jaroslaw WLADYKA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74469.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Tatyana A. Edwards, Tatyana A. Edwards, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Jaroslaw Wladyka, a native and citizen of Poland, petitions for review of the

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying asylum and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the factual findings underlying the denial of asylum and CAT protection for substantial evidence. *See Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir. 1995); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We grant the petition for review in part and remand.

We accept Wladyka's testimony as true because the IJ found him to be generally credible and did not render an adverse credibility finding. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir.2006).

■ We lack jurisdiction to consider Wladyka's economic persecution claim because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676–77 (9th Cir.2004).

■ Wladyka testified that his attackers specifically threatened to kill him if he did not stop his political activities. Therefore, substantial evidence does not support the IJ's finding that there was no nexus between Wladyka's harm and his political opinion. *See Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir.2004). Because the record compels the conclusion that Wladyka's harms were on account of his political opinion, we need not reach whether Wladyka was harmed on account of his claimed social group. *See Deloso v. Ashcroft*, 393 F.3d 858, 866 n. 4 (9th Cir.2005).

■ Substantial evidence also does not support the IJ's source of persecution finding. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1119, 1121–22 (9th Cir.2004). When Wladyka reported the December 1998 and January 2000 attacks to the police and explained that an officer was involved in both attacks, the police "ridiculed" him,

concluded that it was "impossible" and "nonsense" that an officer was involved, and "simply didn't want to listen to" him. Instead, the police concluded that his attackers must have been "a group of young hoodlums" and would take Wladyka's report only if he agreed that his attackers were hoodlums.

We remand the petition for a determination of whether Wladyka's harms rose to the level of persecution, which the IJ did not reach. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Deloso*, 393 F.3d at 866 n. 5.

■ We also remand the petition because the IJ applied the incorrect legal standard for CAT relief by requiring Wladyka to prove that it would be more likely than not that he would be tortured by a representative of the government upon his return. *See Reyes–Reyes v. Ashcroft*, 384 F.3d 782, 787–88 (9th Cir.2004) (remand required where IJ applied incorrect legal standard for CAT by requiring petitioner to prove torture by a government agent and not considering torture by a private party with the government's consent or acquiescence); 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW GRANTED in part; REMANDED.**